SILER, Circuit Judge,
concurring:
I concur in the majority opinion herein. However, because I was on the original panel in the Fourth Circuit in Henry v. Purnell, 619 F.3d 323 (4th Cir.2010), vacated and superceded by Henry v. Purnell, 652 F.3d 524, 2011 WL 2725816 (4th Cir. July 14, 2011) (en banc), I should explain why I agreed in Henry that the officer was entitled to qualified immunity, but the officer in this case does not have that protection.
As the majority correctly states, a police officer is entitled to qualified immunity in a § 1983 action unless the officer’s conduct violated a constitutional right, and the right at issue was clearly established at the time of the incident so that a reasonable officer would have understood her conduct to be unlawful in that situation. See Saucier v. Katz, 533 U.S. 194, 201-02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).
In my opinion, unlike the case law in the Fourth Circuit at the time of the conduct in Henry, the law in effect in the Ninth Circuit in this case was clearly established by Wilkins v. City of Oakland, 350 F.3d 949, 955 (9th Cir.2003), and Jensen v. City of Oxnard, 145 F.3d 1078, 1086 (9th Cir. 1998). In both Wilkins and Jensen, it was a situation in which one officer shot another thinking the officer who was shot was someone else. Thus, both were situations in which the officer had a mistake of fact, thinking the victim was a criminal offender.
Moreover, in the case at bar, the person who was killed, Torres, was already secured and in the police cruiser. In contrast, the circumstances were that Henry was not in custody but was being pursued on foot by Officer Purnell, who had an arrest warrant for Henry.
The majority in Henry (en banc) found clearly established law from Tennessee v. Garner, 471 U.S. 1, 3, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), that an officer who shoots a fleeing suspect violates the suspect’s Fourth Amendment rights if there was no probable cause to believe that the suspect posed a significant threat of death or physical injury to the officer or others. Id. Moreover, the majority in this case at bar suggests that Gamer was the clearly established law at the time of the conduct in our case. I am not prepared to go that far, and I think we need not do so, because the precedent from Wilkins and Jensen clearly established the federal law for the Ninth Circuit to be followed in this case.